IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY D. KEMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 06-282-MJR-CJP |
| | ) | |
| R. JAMES NICHOLSON, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is plaintiff's motion to compel defendant to respond to plaintiff's Interrogatory No. 8. **(Doc. 29).** Interrogatory No. 8 is aimed at discovering information regarding the interviewing and selection of a supervisor at Camp Butler National Cemetery– a job for which plaintiff applied and was rejected. The defendant objects that the request seeks information not relevant to the subject matter of this action. **(Doc. 30).** Plaintiff counters that the information will show that: (1) he was not allowed to transfer to a different cemetery because the Department of Veteran's Affairs was planning to remove him from federal service; and (2) he was treated differently from other employees.

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.  The Supreme Court has interpreted relevance broadly to include any matter

1

that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.  ***Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).**

Plaintiff claims that he was terminated from his job at the Jefferson Barracks National Cemetery due to age discrimination and retaliation for filing a grievance(s).  **(Doc. 1).** Plaintiff lays most of the blame at the feet of his supervisor, the cemetery director, Ralph Church, but plaintiff also alleges that Mr. Webb discriminated against him by not selecting him for the Camp Butler position.  **(Doc. 1, p. 6, ¶ 6).** Therefore, Interrogatory No. 8 seeks information clearly at issue in this case.

**IT IS THEREFORE ORDERED** that, for good cause shown, plaintiff's motion to compel the defendant to respond to Interrogatory No. 8 **(Doc. 29)** is **GRANTED**.  On or before **October 25, 2007**, defendant shall submit a response (without further objection) to Interrogatory No. 8.

**IT IS SO ORDERED.**

**DATED: October 16, 2007**

                    **s/ Clifford J. Proud**
                    **CLIFFORD J. PROUD**
                    **U. S. MAGISTRATE JUDGE**