IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY D. KEMP, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Civil No. 06-282-MJR-CJP |
| | ) |
| R. JAMES NICHOLSON, | ) |
| | ) |
|     Defendant. | ) |

**<u>ORDER</u>**

      Before the Court is plaintiff's motion to compel defendant to respond to Interrogatories Nos. 3, 5, 6 and 10, and to compel the defendant to compile answers based on the knowledge of present and past employees of the Department of Veterans Affairs. **(Doc. 32).** Plaintiff is apparently confused as to why the interrogatory answers were formulated predominately by Ralph Church, plaintiff's former supervisor, and not by named defendant R. James Nicholson. Plaintiff also takes issue with defendant's failure to obtain responses from former employees.

      Interrogatory No. 3 seeks the reason for plaintiff's January 14, 2002, proposed suspension being converted to a reduction in grade. The response indicates there was simply a reconsideration, and an attachment is referenced, which plaintiff has not provided to the Court.
Without the referenced attachment, the Court cannot assess the propriety of the answer.

      Interrogatory No. 5 asks why plaintiff was the only manager not allowed to attend a December 2002 management conference in Indianapolis. The response indicates that someone had to stay at the cemetery to work, and that plaintiff volunteered to stay. Plaintiff specifically asked

about the MSN IV director's knowledge of the matter, but the response indicates that that person is retired. The defendant is under no obligation to seek out a retired employee to answer the interrogatory. Federal Rule of Civil Procedure 33(a) provides that a governmental agency need only respond with that information that is available to the agency. The retired MSN IV director is equally available to plaintiff.

Interrogatory No. 6 is almost identical to Interrogatory No. 5, albeit pertains to a management conference in Portland, Oregon, in August 2003. Defendant's response was similar to the response to interrogatory No. 5. The Court finds the defendant's response similarly adequate.

Interrogatory No. 10 seeks information about the statements of the employees to whom plaintiff was allegedly disrespectful, thereby triggering plaintiff's termination. Defendant's response appears to fully answer the specifics of the interrogatory. Plaintiff does not explain what is objectionable about the response. Therefore, the defendant's response is considered adequate.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 32)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED: October 16, 2007**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**